# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE R. MARTIN,<br><br>            Plaintiff,<br><br>      v.<br><br>C. PFZIFER, et al.,<br><br>            Defendants. | Case No.  1:20-cv-00605-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND AS FRIVOLOUS AND DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES<br><br>ORDER DIRECTING CLERK OF THE COURT TO REDESIGNATE THIS MATTER AS A REGULAR CIVIL ACTION AND RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE<br><br>(ECF No. 1, 2)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Lance R. Martin ("Plaintiff") is appearing *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court are Plaintiff's complaint and an application to proceed without prepayment of fees, filed April 29, 2020.

/ / /

/ / /

/ / /

/ / /

1

## I.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). Plaintiff has requested to proceed *in forma pauperis* in this action. The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops

short of the line between possibility and plausibility of entitlement to relief.'" Id. at 678 (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Similarly, the court may dismiss a claim as factually frivolous when the facts alleged lack an arguable basis in law or in fact or embraces fanciful factual allegations. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

## II.

## ALLEGATIONS IN COMPLAINT

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff was formerly incarcerated in the California Department of Corrections and Rehabilitation ("CDCR"). He was released on parole on April 9, 2019, and resides in San Diego, California.[1] Plaintiff brings this against Junious, Warden at California State Prison, Corcoran; J. Castro, Associate Warden at Solano State Prison ("Solano"); Christian Pfeifer, Warden at Kern Valley State Prison ("KVSP"); Chris Chrones, Associate Warden at Solano; Smith, Correctional Captain at KVSP; Dorame, Correctional Lieutenant at KVSP; I. Sanchez, Lozano and Escobedo, Correctional Officers at KVSP; and White, Associate Warden of the Substance Abuse and Treatment Center (collectively ("Defendants")) seeking declaratory and injunctive relief.

Plaintiff alleges that Defendants are depriving him of food and water, contaminating his food, water, bedding and clothing, and continuously electronically monitoring Plaintiff with their GPS software program and using it cause him physical distress. Plaintiff states that even though he has been released from prison, Defendants are continuing to deprive him of food and water through unsanitary means. Defendants are using a GPS software computer system and hardware architecture device to control their food and water adulteration system from inside CDCR to outside on the street. Defendants are using the GPS system to control citizens around Plaintiff to adulterate his food, drink, and water.

---

[1] The letters attached to the complaint state that Plaintiff was released on parole on April 9, 2016.

3

By using this device, Defendants know ahead of time what, when, and where Plaintiff will eat. They are monitoring Plaintiff to poison him by using the device. Plaintiff seeks an order to stop Defendants from monitoring him.

Defendants Dorame, Lozano, and Escobedo used the GPS radio frequency to verbally control the house manager and residents to serve adulterated food at the Independent Living Facility located at 1202 Koe Street, San Diego, California. The bread was being issued spoiled and soggy or wet and sticky. There was feces mingled in the rice. Water started coming out of the house smelling foul. Defendants tried to control another house resident, Danny Delk, to contaminate some instant coffee powder with bleach and then give it to Plaintiff. Plaintiff can prove the facts by lab results showing blood detection and abnormal bacteria levels in his urine which is caused by the adulterated food and water drink operation.

Defendants are also using the GPS device to cause Plaintiff to have extreme headaches to the back of his head and forehead, which even indent his temples. Plaintiff also has body aches and difficulty breathing. Plaintiff has two witnesses who state that, after visiting Plaintiff, Defendants used the device on the witnesses. Defendants have placed GPS receivers and/or computer FR servers in the houses and cars of his neighbors located around 8235 Jamacha Road in San Diego, California. Defendants use this device on people around Plaintiff to have Plaintiff ostracized and to scare women away, not allowing him to pursue a wife and have children.

On April 15, 2020, Defendants had a Cox cable van come to the green house across the street and install their prison media outlet telecommunications company GPS download capability to a GPS computer server/receiver. The next day, Plaintiff started suffering extreme pain. Plaintiff seeks a declaratory judgment that Defendants are violating his rights and an order to have the conduct stopped.

### III.

### DISCUSSION

Plaintiff's claims against Defendants in this action are facially frivolous. The "facts" alleged in Plaintiff's complaint are not grounded in reality. Plaintiff alleges that since he has been released on parole, prison officials are using a GPS system to control individuals around

him to contaminate his food, clothing and bedding, scaring away other individuals, and causing Plaintiff to have physical ailments.

A complaint is frivolous where it lacks an arguable basis either in law or in fact. Neitzke, 490 U.S. at 325. When applied to a complaint, frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. "A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." Denton v. Hernandez, 504 U.S. 25, 32–33 (1992) (internal punctuation and citations omitted).

The claims in Plaintiff's complaint fall within the category of fantastic or delusional scenarios and should be dismissed. See Waldrop v. Dep't of Corr., No. CIV S-06-1260DFLEFBP, 2006 WL 2926754, at *2 (E.D. Cal. Oct. 11, 2006) (dismissing parolee's claim that CDCR had placed radio transmitters in his ears and uses satellite to monitor him); Simon v. CDCR, No. CIV S-10-2555 GEB, 2012 WL 892281, at *2 (E.D. Cal. Mar. 14, 2012) (dismissing claim that hundreds of prison officials across the state have used a "mind-bending" device utilizing penilephethymegraph/GPS technology to torture him and to modify his behavior); Rutledge v. Foster, No. 218CV1847WBSDBP, 2019 WL 175281, at *3 (E.D. Cal. Jan. 11, 2019) (dismissing action at screening alleging that individuals sexually molest him via a police issue satellite); Monroe v. Arpaio, No. CV053441PHX-NVW(VAM), 2005 WL 3054067, at *3 (D. Ariz. Nov. 14, 2005) (dismissing with prejudice claim that plaintiff had a mind-reader and still has a mind-reader device on him which causes constant duress); Payne v. Contra Costa Sheriff's Dep't, No. C 02-2382CRB(PR), 2002 WL 1310748, at *1 (N.D. Cal. June 10, 2002) (dismissing claim that Sheriff's Department was using telepathy/mind control to harass and torture plaintiff). In fact, Plaintiff has previously had this same claim dismissed as frivolous. Martin v. Trump, No. 318CV02677BTMJLB, 2019 WL 1317331, at *3 (S.D. Cal. Mar. 21, 2019).

The Court has carefully considered the claims in the complaint to determine if there are any facts that could be alleged to state a claim in this action and finds that granting leave to amend the complaint would be futile. See Lopez, 203 F.3d at 1137 (dissenting opinion) (a district court may dismiss a complaint without an opportunity to amend if the court concludes

that the action is frivolous). The Court recommends that Plaintiff's complaint be dismissed without leave to amend as frivolous.

"A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998); Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987). However, the "denial of leave to proceed *in forma pauperis* is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile." Rodriguez v. Steck, 795 F.3d 1187, 1188 (9th Cir. 2015); see Tripati, 821 F.2d at 1370. Here, the Court has found that Plaintiff's action is frivolous and granting leave to amend would be futile. The Court recommends that Plaintiff's application to proceed *in forma pauperis* be denied.

## IV.

## CONCLUSION AND RECOMMENDATIONS

Review of Plaintiff's allegations in this action demonstrate that complaint is frivolous and it would be futile to grant Plaintiff an opportunity to file an amended complaint. Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint be dismissed without leave to amend as frivolous; and
2. Plaintiff's application to proceed without prepayment of fees in this action be denied.

The Clerk of the Court is HEREBY DIRECTED to redesignate this matter as a regular civil action and randomly assign this matter to a United States District Judge.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the

waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 1, 2020**

UNITED STATES MAGISTRATE JUDGE